1  ARLEO LAW FIRM, PLC
   ELIZABETH J. ARLEO (CASB No. 201730)
2  1672 Main Street, Suite E, PMB 133
   Ramona, CA 92065
3  Telephone: 760/789-8000
   760/789-8081 (fax)
4  Email: elizabeth@arleolaw.com

5  Attorney for Plaintiff

**FILED**
NOV - 3 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PARKER CADDELL, II<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ACCOUNTS RECEIVABLE<br>MANAGEMENT, INC.<br><br>　　　　　　Defendant. | CASE NO. **09 CV 2455 BEN CAB**<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ;* AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>JURY TRIAL DEMANDED |

-1-
COMPLAINT

Plaintiff, Charles Parker Caddell, II ("Plaintiff"), alleges as follows against defendant Accounts Receivable Management, Inc. ("Defendant") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances as follows:

## GENERAL ALLEGATIONS

1. This action arises out of Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA").

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

4. Plaintiff brings this action to challenge the misconduct of Defendant with regard to Defendant's attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect on a private student loan debt allegedly due Chase Bank by Plaintiff which caused Plaintiff actual and statutory damages.

5. The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331. Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

7. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

8. Personal jurisdiction is established because Defendant does business in the State of California.

**PARTIES**

9. Plaintiff, Charles Parker Caddell, II, is an individual who resides in San Diego County.

10. Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that terms is defined by 15 U.S.C. §1692a(3) of the FDCPA and Cal. Civ. Code §1788.2(h) of the CA FDCPA.

11. Defendant Accounts Receivable Management, Inc. is a public corporation engaged in the business of collecting debts nationally, locally and within the State of California with its principal place of business located at 155 Mid Atlantic Parkway, Thorofare, New Jersey, 08086.

12. In addition to its call center in New Jersey, Defendant has call centers located in Louisville, Kentucky and Colorado Springs, Colorado.

13. At all times material and relevant hereto, Defendant is a person which uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is

defined by 15 U.S.C. §1692a(6) and Cal. Civil Code §1788.2(c) (as incorporated by Cal. Business & Professions Code §6077.5).

14. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant is a "debt collector" as defined by the CA FDCPA, Cal. Civil. Code §1788.2(c).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of California in the County of San Diego.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

18. This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

19. Sometime prior to August 1, 2008, Plaintiff allegedly incurred a financial obligation to Chase Bank for a private student loan.

20. Private student loans are provided by private lenders such as Chase Bank and are not subject to the same laws and regulations governing federal student loans provided through the student aid system.

21. Private education loans are loans provided by private educational lenders, defined as financial institutions or federal credit unions that solicit, make, or extend private education loans and any other person engaged in the business of soliciting, making, or extending private education loans.

22. The loans must not be made, insured, or guaranteed under the federal aid programs and must be issued expressly for postsecondary educational expenses to a borrower – regardless of whether the loan is provided through the educational institution or directly to the borrower – and must not include an extension of credit under an open-end consumer credit plan, a reverse mortgage transaction, a residential mortgage transaction, or any other loan that is secured by real property or a dwelling. Private loans may go into default as soon as one payment is missed.

23. The alleged debt was for money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. This financial obligations was primarily for personal, family or household purposes and are therefore "debts" as defined by the FDCPA, 15 U.S.C. §1692a(5).

25. Sometime in August 2009, the alleged debt was purchased by, assigned, or otherwise transferred to Defendant for collection.

26. Plaintiff's private loan was in default at the time Defendant purchased, was assigned or otherwise received transfer of the loan for collection.

27. As described in detail below, Defendant persisted in a course of action against Plaintiff in a manner which violated the FDCPA and CA FDCPA including but not limited to the following ways: (i) failing to cease collection activity after Plaintiff requested verification of the alleged debt; (ii) failing to cease telephonic communications after Plaintiff defendant contact him only in writing; (iii) causing Plaintiff's cellular telephone to ring between 5:00 a.m. and 6:00 a.m.; and (iv) failing to inform Plaintiff that Defendant was recording and/or monitoring the telephonic communications between Defendant and Plaintiff unless specifically asked.

28. Consumers and alleged debtors are less likely to disclose personal information and otherwise talk candidly with Defendant via telephone if they are informed at the beginning of the telephone conversation that their call may be recorded and/or monitored.

29. On or about September 2, 2009, Defendant sent a dunning letter addressed to Plaintiff's home in San Diego, California and in the name of Plaintiff seeking to collect the alleged debt and stating in part, the "Total Due;" as 18,740.35 and that "[a] payment in the amount of $274.08 is required to bring this account up to date." Plaintiff received it shortly thereafter. A copy of Defendant's letter is attached hereto as <u>Exhibit 1</u>.

30. <u>Exhibit 1</u> lists Defendant's telephone number as 866-932-6770.

31. On September 5, 2009, Defendant caused Plaintiff's cellular telephone to ring at 5:47 a.m.

COMPLAINT

32. On September 30, 2009, Plaintiff sent *via* certified mail return receipt, a letter to Defendant's In-House Counsel at 155 Mid Atlantic Parkway, Thorofare, New Jersey, 08086. Plaintiff's letter specifically requested validation of the alleged debt and demanded that Defendant cease contacting Plaintiff except in writing. Plaintiff received confirmation from the United States Postal Service that the letter was received by Defendant on October 2, 2009.

33. On October 2, 2009, Defendant caused Plaintiff's cellular telephone to ring at least four times including but not limited to telephonic calls made by Defendant at 5:33 a.m.; 7:58 a.m., 9:11 a.m., and 9:51 a.m.

34. On October 4, 2009, Defendant caused Plaintiff's cellular telephone to ring.

35. On October 5, 2009, Defendant caused Plaintiff's cellular telephone to ring at least two times including but not limited to telephonic calls made by Defendant at 5:27 a.m. and 5:58 a.m.

36. On October 5, 2009, Defendant sent a dunning letter addressed to Plaintiff's home in San Diego, California and in the name of Plaintiff seeking to collect the alleged debt and stating in part, the "Total Due;" as 18,840.91 and that "[a] payment in the amount of $411.12 is required to bring this account up to date." Plaintiff received it soon thereafter. A copy of that letter is attached hereto as <u>Exhibit 2</u>.

37. On October 6, 2009 at 11:37 a.m. PST, Defendant caused Plaintiff's cellular telephone to ring.

38. On October 7, 2009 at 1:32 p.m. PST, Defendant telephoned Plaintiff's cellular telephone. The caller identification on Plaintiff's cellular telephone showed that the telephone call was originating from telephone number 866-932-6770. Defendant's representative spoke to Plaintiff, and identified herself as "Michelle King" and indicated that Defendant was calling Plaintiff regarding the alleged debt. "Ms. King" asked Plaintiff to verify his California home address which he did. Plaintiff informed "Ms. King" that he had previously requested Defendant cease contacting him via the telephone. Plaintiff further explained that he sent a letter to Defendant's counsel requesting verification of the debt and that Defendant cease communicating with him telephonically. "Ms. King" made statements indicating that Plaintiff's letter had ***not*** been received by Defendant.

39. During the conversation, Plaintiff inquired whether Defendant was recording the telephone call. "Ms. King" responded by stating that the call was likely being recorded or monitored. Plaintiff responded that he did not consent to the recording and/or monitoring of the telephone call. Ms. King insisted that 'all of Defendant's telephone calls are recorded or monitored and that federal law authorizes Defendant to do so.

40. On October 15, 2009, Defendant caused Plaintiff's cellular telephone to ring.

41. On October 16, 2009, Defendant caused Plaintiff's cellular telephone to ring. Defendant's representative who identified herself as "Lynn Evans" left a voicemail message on Plaintiff's cellular telephone requesting that Plaintiff contact her at 866-932-6770 and stated, among other things that "this is an attempt to collect a debt and any information received will be used for that purpose."

42. On October 19, 2009, Defendant caused Plaintiff's cellular telephone to ring. Speaking to Plaintiff, Defendant's representative identified herself as "Lynn Evans" and stated that she was contacting Plaintiff concerning the debt allegedly owed to Chase Bank. Plaintiff informed Ms. Evans that he had previously requested Defendant cease contacting him via the telephone. Plaintiff further explained that he sent a letter to Defendant's counsel. "Lynn Evans" responded that this was the first telephone call to Plaintiff, and Defendant had no record of Plaintiff's September 30, 2009 letter.

43. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

44. Plaintiff's distress was exacerbated because his father, who lives on the east coast, suffers from heart ailments. Each time the phone rang in the early morning hours, Plaintiff became deeply concerned for about his father's health.

# FIRST CAUSE OF ACTION CLAIMED AGAINST DEFENDANT

(Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and/or omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to the following actions taken against Plaintiff:

(a) Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. §1692c(a)(1).

(b) Defendant violated 15 U.S.C. §1692c(c) for failing to cease communications after Plaintiff notified Defendant that he wished Defendant to cease communications;

(c) Defendant violated 15 U.S.C. §1692d by causing Plaintiff's telephone to ring and engaging Plaintiff in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass him;

(d) Defendant violated 15 U.S.C. §1692e and §1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(e) Defendant violated 15 U.S.C. §1692e and §1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of a debt or to obtain information regarding a consumer, including the surreptitious monitoring and/or recording of Plaintiff's telephone communications without consent and the misrepresentation that Defendant had not received Plaintiff's letter.

(f) Defendant violated 15 U.S.C. §1692e and §1692e(11) by neglecting to advise Plaintiff in all communications (including telephonic communications) that the Defendant was a debt collector and that any information obtained will be used for that purpose;

(g) Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

-8-
COMPLAINT

(h) Defendant violated 15 U.S.C. §1692f(1) by seeking to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

(i) Defendant violated 15 U.S.C. §1692f(5) by calling Plaintiff on his cell phone and compelling him to incur charges and lose his purchased air time; and

(j) Defendant violated 15 U.S.C. §1692g(b) by failing to cease collection activities after the Plaintiff made a timely validation request.

47. As a result of the above-described violations of the FDCPA, Plaintiff has suffered emotional distress and out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to 15 U.S.C. §1692k(a)(1). Plaintiff is also entitled to additional statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

### SECOND CAUSE OF ACTION CLAIMED AGAINST DEFENDANT

**(Violations of the California Fair Debt Collection Practices Act Cal. Civil Code §1788, *et seq.*)**

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

50. Defendant's violations of the CA FDCPA were willful and knowing. Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to Cal. Civil Code §1788.30.

51. As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to Cal. Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to Cal. Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code §1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant for:

**First Cause of Action**

- A. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);
- B. The maximum amount of statutory damages provided under 15 U.S.C. §1692k(a)(2)(A);
- C. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant; and
- D. Such other or further relief as the Court deems just and proper.

**Second Cause of Action**

- E. An award of actual damages pursuant to Cal. Civil Code §1788.30(a);
- F. The maximum amount of statutory damages provided under Cal. Civil Code §1788.30(b);
- G. For an award of costs of litigation and reasonable attorneys' fees pursuant to Cal. Civil Code §1788.30(c); and
- H. Such other or further relief as the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands, a trial by jury.

DATED: November 2, 2009

Respectfully submitted,

ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO

_____
ELIZABETH J. ARLEO

1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)

1
2 Attorney for Plaintiff
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-11-
COMPLAINT

**EXHIBIT 1**

P.O. BOX 129  
THOROFARE, NJ 08086-0129

11 11 00003351 639317



ACCOUNTS RECEIVABLE MANAGEMENT, INC.

P.O. BOX 129  
THOROFARE, NJ 08086-0129

September 2, 2009

| ARM Account #: | |
|---|---|
| Creditor: | CHASE STUDENT LOANS |
| Creditor Account #: | |
| Total Due: | $18,740.35 |

16598330-BLU  
CHARLES CADDELL  

SAN DIEGO, CA

Dear CHARLES CADDELL:

Please be advised that your account is delinquent and has been assigned to our office for prompt attention. Please send your payment today in the amount of $274.08 to the address listed below.

If payment will not be sent or if you need to speak with a loan specialist, please contact us at the below listed number.

TOLL FREE 866-932-6770

We understand your time is valuable and offer additional payment options for your convenience. You may now also pay online at www.arm1payments.com or call 1-866-932-6758 to pay by phone using our automated phone system.

We accept payment by Credit Card (Visa, MasterCard, American Express and Discover) or by a direct debit from your bank via an ACH transaction from your checking or savings account.

Once you have contacted us and have brought your account current, if you would like to establish a payment plan for future payments you may do so by using the following secure website.

http://www.aessuccess.org/manage/payments/index.shtml

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**This communication is from a debt collector.**  
This is an attempt to collect a debt and any information obtained will be used for that purpose.

ARLES CADDELL

AN DIEGO, CA

Pay Online at www.arm1payments.com

| | |
|---|---|
| ARM Account #: | |
| Creditor: | CHASE STUDENT LOANS |
| Creditor Account #: | |
| Total Due: | $18,740.35 |
| Enclosed Amount: | |

**IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW**

☐ VISA
☐ MasterCard
☐ American Express
☐ Discover

CARD HOLDER NAME

CARD NUMBER | EXP. DATE

SIGNATURE

AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card)

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
P.O. BOX 129
THOROFARE, NJ 08086-0129

ARMCE01
ARM.WFD
639317

P.O. BOX 129  
THOROFARE, NJ 08086-0129

7 7 00001794 648914



ARM ACCOUNTS RECEIVABLE MANAGEMENT, INC.

P.O. BOX 129  
THOROFARE, NJ 08086-0129

October 5, 2009

| | |
|---|---|
| ARM Account #: | |
| Creditor: | CHASE STUDENT LOANS |
| Creditor Account #: | |
| Total Due: | $18,840.91 |

16598330-BLU  
CHARLES CADDELL

SAN DIEGO, CA

Dear CHARLES CADDELL:

Please note that we have not received a payment for your account. A payment in the amount of $411.12 is required to bring this account up to date. To prevent continual collections activity, please be sure to send your payment to the address listed below today or contact our office directly to speak with a loan specialist.



TOLL FREE 866-932-6770

We understand your time is valuable and offer additional payment options for your convenience. You may now also pay online at www.arm1payments.com or call 1-866-932-6758 to pay by phone using our automated phone system.

We accept payment by Credit Card (Visa, MasterCard, American Express and Discover) or by a direct debit from your bank via an ACH transaction from your checking or savings account.

Once you have contacted us and have brought your account current, if you would like to establish a payment plan for future payments you may do so by using the following secure website.

http://www.aessuccess.org/manage/payments/index.shtml

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**This communication is from a debt collector.**
This is an attempt to collect a debt and any information obtained will be used for that purpose.

| | |
|---|---|
| ARM Account # | ███ |
| Creditor | CHASE STUDENT LOANS |
| Creditor Account # | ███ |
| Total Due | $18,840.91 |
| Enclosed Amount | |

CHARLES CADDELL
███
SAN DIEGO, CA ███

Pay Online at www.arm1payments.com

**IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW**

☐ VISA
☐ MasterCard
☐ American Express
☐ Discover

CARD HOLDER NAME

CARD NUMBER | EXP. DATE

SIGNATURE

AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card)

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
P.O. BOX 129
THOROFARE, NJ 08086-0129

ARMCE02
ARM.WFD
648914

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
NOV - 3 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
Charles Parker Caddell, II

**DEFENDANTS**
Accounts Receivable Management, Inc.

**(b)** County of Residence of First Listed Plaintiff  San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Gloucester Co., NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Arleo Law Firm, PLC, 1672 Main St., Suite E, PMB 133
Ramona, CA 92065  Tele: 760-789-8000

Attorneys (If Known)

'09 CV 2455 BEN CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1692 et seq. Fair Debt Collection Practices Act

Brief description of cause:
Unfair Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  11/02/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 6917  AMOUNT 350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

OP  11/4/09 p

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006917
Cashier ID: sramirez
Transaction Date: 11/04/2009
Payer Name: ARLEO LAW FIRM
----------------------------------
CIVIL FILING FEE
 For: CADDELL V. ACCOUTS RECV MGMT
 Case/Party: D-CAS-3-09-CV-002455-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 2340
 Amt Tendered: $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```