1  ARLEO LAW FIRM, PLC
   ELIZABETH J. ARLEO (CASB No. 201730)
2  1672 Main Street, Suite E, PMB 133
   Ramona, CA 92065
3  Telephone: 760/789-8000
   760/789-8081 (fax)
4  Email: elizabeth@arleolaw.com

5  Attorney for Plaintiff

6

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11 CHARLES PARKER CADDELL, II        )   CASE NO. 09-CV- 2455 BEN CAB
                                     )
                        Plaintiff,   )   FIRST AMENDED COMPLAINT FOR
12                                   )   VIOLATIONS OF:
          vs.                        )
13                                   )   (1) THE FAIR DEBT COLLECTION
   ACCOUNTS RECEIVABLE               )       PRACTICES ACT, 15 U.S.C. §§1692
14 MANAGEMENT, INC.                  )       ET SEQ;
                                     )
15                      Defendant.   )   (2) CALIFORNIA'S ROSENTHAL FAIR
                                     )       DEBT COLLECTION PRACTICES
16 _____  )       ACT, CAL. CIV. CODE §§1788 ET
                                             SEQ.;
17
                                         (3) CALIFORNIA'S INVASION OF
18                                           PRIVACY ACT, CAL. PENAL CODE
                                             §632 ET SEQ.
19
                                         (4) CALIFORNIA'S UNFAIR TRADE
20                                           PRACTICES ACT, CAL. BUS. &
                                             PROF. CODE §§17200 ET SEQ.
21

22                                       JURY TRIAL DEMANDED

23

24

25

26

27

28

Plaintiff, Charles Parker Caddell, II ("Plaintiff"), alleges as follows against defendant Accounts Receivable Management, Inc. ("Defendant") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances as follows:

**GENERAL ALLEGATIONS**

1.     This action arises out of Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA"), California's Invasion of Privacy Act, Cal. Penal Code §632 *et seq.*, which prohibits the recording of telephonic communications without two-party consent, and California's Unfair Trade Practices Act, Cal. Bus. & Prof. Code §§17200 *et seq.* which prohibits unlawful, unfair and fraudulent business acts and practices.

2.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

3.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

4.     Plaintiff brings this action to challenge the misconduct of Defendant with regard to Defendant's attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect on a

private student loan debt allegedly due Chase Bank by Plaintiff which caused Plaintiff actual and statutory damages.

5.     The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.  Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

7.     Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

8.     Personal jurisdiction is established because Defendant does business in the State of California.

## PARTIES

9.     Plaintiff, Charles Parker Caddell, II, is an individual who resides in San Diego County.

10.     Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that terms is defined by 15 U.S.C. §1692a(3) of the FDCPA and Cal. Civ. Code §1788.2(h) of the CA FDCPA.

11.     Defendant Accounts Receivable Management, Inc. is a public corporation engaged in the business of collecting debts nationally, locally and within the State of California with its principal place of business located at 155 Mid Atlantic Parkway, Thorofare, New Jersey, 08086.

12.     In addition to its call center in New Jersey, Defendant has call centers located in Louisville, Kentucky and Colorado Springs, Colorado.

13.     At all times material and relevant hereto, Defendant is a person which uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts

1 owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is

2 defined by 15 U.S.C. §1692a(6) and Cal. Civil Code §1788.2(c) (as incorporated by Cal. Business &

3 Professions Code §6077.5).

4       14.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5       15.     Defendant is a "debt collector" as defined by the CA FDCPA, Cal. Civil. Code

6 §1788.2(c).

7 **FACTUAL ALLEGATIONS**

8       16.     At all times relevant, Plaintiff was an individual residing within the State of

9 California in the County of San Diego.

10       17.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant

11 Defendant conducted business in the State of California.

12       18.     This case involves money, property or other equivalent, due or owing or alleged to be

13 due or owing from a natural person by reason of a consumer credit transaction.  As such, this action

14 arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code

15 §1788.2(f).

16       19.     On or about December 5, 2007, Plaintiff incurred a financial obligation to Chase

17 Bank for a private student loan.

18       20.     Private student loans are provided by private lenders such as Chase Bank and are not

19 subject to the same laws and regulations governing federal student loans provided through the

20 student aid system.

21       21.     Private education loans are loans provided by private educational lenders, defined as

22 financial institutions or federal credit unions that solicit, make, or extend private education loans and

23 any other person engaged in the business of soliciting, making, or extending private education loans.

24       22.     The loans must not be made, insured, or guaranteed under the federal aid programs

25 and must be issued expressly for postsecondary educational expenses to a borrower – regardless of

26 whether the loan is provided through the educational institution or directly to the borrower – and

27 must not include an extension of credit under an open-end consumer credit plan, a reverse mortgage

28

1   transaction, a residential mortgage transaction, or any other loan that is secured by real property or a

2   dwelling.  Private loans may go into default as soon as one payment is missed.

3          23.    The alleged debt was for money, property, or their equivalent, which is due or owing,

4   or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)"

5   as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is

6   defined by California Civil Code §1788.2(f).

7          24.    This financial obligations was primarily for personal, family or household purposes

8   and are therefore "debts" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9          25.    Sometime in August 2009, the alleged debt was purchased by, assigned, or otherwise

10   transferred to Defendant for collection.

11          26.    Plaintiff's private loan was in default at the time Defendant purchased, was assigned

12   or otherwise received transfer of the loan for collection.

13          27.    As described in detail below, during a 50-day time period beginning on September 2,

14   2009, Defendant persisted in a course of action in making at least 23 documented telephone calls to

15   Plaintiff's cellular telephone in an attempt to coerce a few hundred dollar payment for a student loan

16   that was three months overdue.  At least 12 of these telephone calls were made by Defendant to

17   Plaintiff **after** Defendant received Plaintiff's letter requesting verification and demanding that

18   Defendant cease telephonic communications.  On at least **six** occasions during this time period,

19   Defendant cause Plaintiff's cellular telephone to ring **prior to** 6:00 a.m. California time.  Defendant

20   also sent two letters to Plaintiff overstating the total amount allegedly owed by Plaintiff, overstating

21   the amount owed, and listing the incorrect "creditor" account number.  One of these letters, was sent

22   three days **after** Defendant received Plaintiff's letter continued collection activity.  The FDCPA

23   prohibits the continuation of collection activity prior to the time verification is sent to the alleged

24   debtor.  At no time did Defendant provided any verification of the alleged debt to Plaintiff.

25          28.    Defendant persisted in a course of action against Plaintiff in a manner which violated

26   the FDCPA and CA FDCPA including but not limited to the following ways: (i) failing to cease

27   collection activity after Plaintiff requested verification of the alleged debt; (ii) failing to cease

28   telephonic communications after Plaintiff requested that Defendant contact him via writing only; (iii)

1  causing Plaintiff's cellular telephone to ring repeatedly and continuously; (iv) on at least six

2  occasions, calling Plaintiff between 5:00 a.m. and 6:00 a.m.; (v) failing to inform Plaintiff that

3  Defendant was recording the telephonic communications between Defendant and Plaintiff; (vi)

4  failing to inform Plaintiff that Defendant was monitoring the telephonic communications between

5  Defendant and Plaintiff; and (vii) giving the false impression that the "Total Due" was $18,740.35

6  and $18,840.91 on September 2, 2009 and October 5, 2009, respectively.

7          29.     California's Invasion of Privacy Act prohibits the recording and/or monitoring of

8  telephonic communications without two-party consent.  Consumers and alleged debtors are less

9  likely to disclose personal information and otherwise talk candidly with a creditor or debt collector

10 via telephone if they are informed at the beginning of the telephone conversation that their call may

11 be recorded and/or monitored.  Plaintiff desired the telephone communications be confined to the

12 parties participating in the conversation.  Plaintiff reasonably expected that the telephonic

13 communications would not be recorded.  In violation of California's Invasion of Privacy Act,

14 Defendant recorded and/or monitored the telephone calls *without* Plaintiff's consent.

15         30.     The actions, omissions, misrepresentations, practices and non-disclosures of

16 Defendant as alleged herein constitute unlawful, unfair and fraudulent business practices in violation

17 of Cal.  Bus. & Prof. Code §§17200 *et seq*.  Defendant needs only to have violated one of the

18 provisions to be strictly liable. Defendant has engaged in "unlawful" business acts and practices by

19 violating the FDCPA, the CA FDCPA, and California's Invasion of Privacy Act.

20         31.     On or about August 17, 2009, Plaintiff received a statement from American

21 Education Services, stating, in part, that the amount "past due" was $274.08; the amount "current[ly]

22 due was $137.04; the "principal and interest due" was $411.12; and that the balance on the loan was

23 $18,453.77.

24         32.     On or about September 2, 2009, Defendant sent a dunning letter addressed to

25 Plaintiff's home in San Diego, California and in the name of Plaintiff seeking to collect the alleged

26 debt for the creditor "Chase Student Loans" and "Creditor Account # 5898068000001"and stating in

27 part, the "Total Due;" as $18,740.35 and that "[a] payment in the amount of $274.08 is required to

28

1  bring this account up to date." Plaintiff received it shortly thereafter. A copy of Defendant's letter is
2  attached hereto as Exhibit 1.

3          33.     Exhibit 1 lists Defendant's telephone number as 866-932-6770.

4          34.     On September 2, 2009, Defendant caused Plaintiff's cellular telephone to ring at
5  11:42 a.m. PST. The caller identification on Plaintiff's cellular telephone indicated that the call was
6  originating from 866-932-6770. Defendant's representative who then spoke to Plaintiff identified
7  himself as "Jonathan" and indicated that Defendant was calling Plaintiff regarding the alleged debt.
8  "Jonathon" stated that he represented Chase Bank, that Plaintiff was not allowed to dispute the
9  alleged debt directly to Chase as Plaintiff would be "referred back" to Defendant.

10         35.     During the conversation, Plaintiff inquired whether Defendant was recording the
11  telephone call. "Jonathan" responded by stating that the call may be recorded. Plaintiff responded
12  that he did not consent to the recording and/or monitoring of the telephone call. "Jonathan" insisted
13  that Defendant would continue to record and/or monitor the telephone conversation despite
14  Plaintiff's refusal to consent. "Jonathon" then continued the telephone conversation in an attempt to
15  collect the debt until Plaintiff disconnected the telephone call.

16         36.     On September 3, 2009, Defendant caused Plaintiff's cellular telephone to ring. The
17  caller identification on Plaintiff's cellular telephone indicated that the call was originating from 866-
18  932-6770. Defendant's representative identified himself to Plaintiff as "Louis Rodriquez." Plaintiff
19  informed "Mr. Rodriquez" that he disputed the debt, and demanded that Defendant cease calling
20  Plaintiff. After attempting to collect the debt from Plaintiff, the telephone call was abruptly ended
21  by Defendant's representative.

22         37.     On September 5, 2009, Defendant caused Plaintiff's cellular telephone to ring at 5:47
23  a.m. PST.

24         38.     On September 8, 2009, Defendant caused Plaintiff's cellular telephone to ring at 5:42
25  p.m. PST. The caller would not provide his name to Plaintiff who ended the call.

26         39.     On September 16, 2009, Defendant caused Plaintiff's cellular telephone to ring at
27  11:21 a.m. PST. The caller identification on Plaintiff's cellular telephone indicated that the call was
28  originating from 866-932-6770. Defendant's representative identified himself to Plaintiff as "Larry

Davis." Plaintiff informed "Mr. Davis" that Plaintiff had previously disputed the debt and demanded that Defendant cease calling Plaintiff. Plaintiff informed Defendant that he did not consent to the recording and/or monitoring of the telephone call. In response, "Mr. Davis" stated that Defendant had a legal right to record the telephone call. Before concluding the telephone communication, "Mr. Davis" continued the collection activity against Plaintiff by threatening to impact Plaintiff's credit report.

40. On or about September 16, 2009, Plaintiff received a statement from American Education Services, stating, in part, that the amount "past due" was $411.12; the amount "current[ly] due was $137.04; the "principal and interest due" was $548.16; and that the balance on the loan was $18,453.77.

41. On September 30, 2009, Plaintiff sent *via* certified mail return receipt, a letter to Defendant's In-House Counsel at 155 Mid Atlantic Parkway, Thorofare, New Jersey, 08086. Plaintiff's letter specifically requested validation of the alleged debt and demanded that Defendant cease contacting Plaintiff except in writing. Plaintiff received confirmation from the United States Postal Service that the letter was received by Defendant on October 2, 2009.

42. On September 30, 2009, Defendant caused Plaintiff's cellular telephone to ring at least three times including but not limited to telephone calls made by Defendant at 5:36 a.m.; 10:39 a.m., and 11:51 a.m. PST.

43. On October 1, 2009, Defendant caused Plaintiff's cellular telephone to ring at least twice including but not limited to telephone calls made by Defendant at 5:47 a.m. and 5:48 p.m. PST.

44. On October 2, 2009, Defendant caused Plaintiff's cellular telephone to ring at least four times including but not limited to telephonic calls made by Defendant at 5:33 a.m.; 7:58 a.m., 9:11 a.m., and 9:51 a.m. PST.

45. On October 2, 2009, Plaintiff telephoned Defendant at 866-932-6770. Defendant's representative spoke to Plaintiff, and identified herself as "Valerie" who informed Plaintiff that Defendant would continue telephoning him until the debt was paid. Plaintiff was then transferred to "Valerie's" supervisor who identified herself as "Gabrielle" and who told Plaintiff that Defendant

1 was allowed to telephone Plaintiff prior to 8:00 a.m. California time because Plaintiff held an "east

2 coast" telephone number.  Plaintiff explained that Defendant certainly knew that he lived in

3 California because Defendant had sent a letter to Plaintiff's California address.

4 Gabrielle" then mis-stated that it was Chase Bank, **not** Defendant who was calling Plaintiff before

5 8:00 a.m.  Plaintiff requested again that Defendant cease calling him whereupon "Gabrielle"

6 misstated the law by responding that until Plaintiff paid the debt, Defendant could legally continue

7 calling Plaintiff and even calling prior to 8:00 a.m. California time.  At no time during those

8 conversations did "Gabrielle" or "Valerie" inform Plaintiff that the telephone call was being

9 recorded and/or monitored.

10   46. On October 4, 2009, Defendant caused Plaintiff's cellular telephone to ring.

11   47. On October 5, 2009, Defendant caused Plaintiff's cellular telephone to ring at least

12 two times including but not limited to telephonic calls made by Defendant at 5:27 a.m. and 5:58 a.m.

13 PST.

14   48. On October 5, 2009, Defendant sent a dunning letter addressed to Plaintiff's home in

15 San Diego, California and in the name of Plaintiff seeking to collect the alleged debt for the creditor

16 "Chase Student Loans" and "Creditor Account # 5898068000001"and stating in part, the "Total

17 Due;" as $18,840.91 and that "[a] payment in the amount of $411.12 is required to bring this account

18 up to date."  Plaintiff received it soon thereafter.  A copy of that letter is attached hereto as <u>Exhibit 2</u>.

19   49. On October 6, 2009 at 11:37 a.m. PST, Defendant caused Plaintiff's cellular

20 telephone to ring.  The caller identification on Plaintiff's cellular telephone indicated that the call

21 was originating from 866-932-6770.  Defendant's representative identified herself to Plaintiff as

22 "Kayla."  Plaintiff informed "Kayla" that Plaintiff had previously disputed the debt and demanded

23 that Defendant cease calling Plaintiff.  Despite Plaintiff's statements, "Kayla" proceeded to make

24 statements in an attempt to collect debt.  Plaintiff interrupted her to ask if the telephone call was

25 being recorded.  "Kayla" responded by saying "yeah, we're recording the call."  Plaintiff stated that

26 he did not consent to the recording.  "Kayla" responded by telling Plaintiff that Defendant had a

27 right to record the telephone conversation and that if Plaintiff had a problem with the recording, he

28 could just hang up.  Plaintiff ended the telephone call.

50.     On October 7, 2009 at 1:32 p.m. PST, Defendant telephoned Plaintiff's cellular telephone.  The caller identification on Plaintiff's cellular telephone showed that the telephone call was originating from telephone number 866-932-6770.   Defendant's representative spoke to Plaintiff, and identified herself as "Michelle King" and indicated that Defendant was calling Plaintiff regarding the alleged debt.  "Ms. King" asked Plaintiff to verify his California home address which he did.  Plaintiff informed "Ms. King" that he had previously requested Defendant cease contacting him via the telephone.  Plaintiff further explained that he sent a letter to Defendant's counsel requesting verification of the debt and that Defendant cease communicating with him telephonically.  "Ms. King" made statements indicating that Plaintiff's letter had ***not*** been received by Defendant.  "Ms. King" stated further that 'if Plaintiff had, indeed, sent a letter to Defendant, it would take up to 7 days for Defendant's processing department to process the letter.'

51.     During the conversation, Plaintiff inquired whether Defendant was recording the telephone call.   "Ms. King" responded by stating that the call was likely being recorded or monitored.  Plaintiff responded that he did not consent to the recording and/or monitoring of the telephone call.  Ms. King insisted that 'all of Defendant's telephone calls are recorded or monitored and that federal law authorizes Defendant to do so.'

52.     On October 15, 2009, Defendant caused Plaintiff's cellular telephone to ring.

53.     On October 16, 2009, Defendant caused Plaintiff's cellular telephone to ring. Defendant's representative who identified herself as "Lynn Evans" left a voicemail message on Plaintiff's cellular telephone requesting that Plaintiff contact her at 866-932-6770 and stated, among other things that "this is an attempt to collect a debt and any information received will be used for that purpose."

54.     On October 19, 2009, Defendant caused Plaintiff's cellular telephone to ring. Speaking to Plaintiff, Defendant's representative identified herself as "Lynn Evans" and stated that she was contacting Plaintiff concerning the debt allegedly owed to Chase Bank.  Plaintiff informed Ms. Evans that he had previously requested Defendant cease contacting him via the telephone. Plaintiff further explained that he sent a letter to Defendant's counsel.  "Lynn Evans" responded that this was the first telephone call to Plaintiff, and Defendant had no record of Plaintiff's September 30,

1  2009 letter.  Plaintiff asked if the telephone call was being recorded.  "Ms. Evans" responded that

2  "all calls are recorded and monitored for quality assurance."  Plaintiff stated that he did not consent

3  to the recording or monitoring of the telephone calls.  "Ms. Evans" then put Plaintiff on hold and

4  returned to inform Plaintiff that she was hanging up.

5       55.    On October 22, 2009, Defendant caused Plaintiff's cellular telephone to ring at 11:22

6  a.m. PST.

7       56.    Plaintiff has suffered actual damages as a result of these illegal collection

8  communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration,

9  embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive

10  invasions of personal privacy at the Plaintiff's home.

11      57.    Plaintiff's distress was exacerbated because his father, who lives on the east coast,

12  suffers from heart ailments.  Each time the phone rang in the early morning hours, Plaintiff became

13  deeply concerned for about his father's health.

14  **FIRST CAUSE OF ACTION CLAIMED AGAINST DEFENDANT**

15  **(Violations of the Fair Debt Collection Practices Act ("FDCPA"),**

16  **15 U.S.C. §1692, *et seq.*)**

17      58.    Plaintiff incorporates by reference all of the above paragraphs of this First Amended

18  Complaint as though fully stated herein.

19      59.    The foregoing acts and/or omissions of Defendants constitute numerous and multiple

20  violations of the FDCPA, including but not limited to the following actions taken against Plaintiff:

21         (a)    Defendant contacted the Plaintiff at a place and during a time known to be

22  inconvenient for the Plaintiff, in violation of 15 U.S.C. §1692c(a)(1).

23         (b)    Defendant violated 15 U.S.C. §1692c(c) for failing to cease

24  communications after Plaintiff notified Defendant that he wished Defendant to cease

25  communications;

26         (c)    Defendant violated 15 U.S.C. §1692d by causing Plaintiff's telephone to

27  ring and engaging Plaintiff in telephone conversations repeatedly or continuously with intent to

28  annoy, abuse, or harass him;

(d)     Defendant violated 15 U.S.C. §1692e and §1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(e)     Defendant violated 15 U.S.C. §1692e and §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken, including the statement by Defendant's representative "Mr. Davis" who threatened to impact Plaintiff's credit report when Defendant had no intention of doing so.

(f)     Defendant violated 15 U.S.C. §1692e and §1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of a debt or to obtain information regarding a consumer, including the surreptitious monitoring and/or recording of Plaintiff's telephone communications without consent and numerous misrepresentations made by Defendant's representatives including that Defendant had not received Plaintiff's letter, that Plaintiff could not contact Chase Bank directly to dispute the alleged debt, that Defendant had a legal right to record and/or monitor the telephone calls without Plaintiff's consent.

(g)     Defendant violated 15 U.S.C.§1692e and §1692e(11) by neglecting to advise Plaintiff in all of the telephonic communications that the Defendant was a debt collector and that any information obtained will be used for that purpose;

(h)     Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

(i)     Defendant violated 15 U.S.C. §1692f(1) by seeking to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

(j)     Defendant violated 15 U.S.C. §1692f(5) by calling Plaintiff on his cell phone and compelling him to incur charges and lose his purchased air time; and

(k)     Defendant violated 15 U.S.C. §1692g(b) by failing to cease collection activities after the Plaintiff made a timely validation request.

60.     As a result of the above-described violations of the FDCPA, Plaintiff has suffered emotional distress and out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to 15 U.S.C. §1692k(a)(1). Plaintiff is also entitled to additional statutory

damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## SECOND CAUSE OF ACTION CLAIMED AGAINST DEFENDANT

### (Violations of the California Fair Debt Collection Practices Act
### Cal. Civil Code §1788, *et seq.*)

61.     Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

62.     Defendant violated California Civil Code §1788.13(e) by falsely representing that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, if, in fact, such fees or charges may not legally be added to the existing obligation.  Defendant's September 2, 2009 letter (Exhibit 1) and October 5, 2009 letter (Exhibit 2), falsely represent that the "Total Due" was $18,740.35 and $18,840.91, respectively.

63.     Defendant violated California Civil Code §1788.13(i) by the false representation of the true nature of the business or services being rendered by the debt collector.  Defendant was retained by American Education Services who administered the private student loan on behalf of Chase Bank.

64.     Defendant's violations of the CA FDCPA, §1788.13 were willful and knowing.

65.     Defendant violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

66.     Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to Cal. Civil Code §1788.30.

67.     As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to Cal. Civil Code §1788.30(a), statutory damages pursuant to Cal. Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code §1788.30(c) from Defendant.

### THIRD CAUSE OF ACTION

**(For Statutory Damages and Injunctive Relief Under
Calif. Penal Code §637.2(a)-(b) Based on Violations
of Calif. Penal Code §632)**

68.     Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

69.     At all times relevant herein, Defendant's collection personnel have routinely communicated by telephone with Plaintiff while he resides and was located in the State of California.

70.     At all times relevant herein, Defendant has made use of a special software system which enables Defendant to secretly record telephone conversations between Defendant's representatives and Plaintiff while he resides and was located in the State of California.

71.     Defendant's telephone communications with Plaintiff were secretly recorded by Defendant without any advisory that the telephonic communication could be monitored and/or recorded.

72.     All collection calls that have been surreptitiously recorded by Defendant were "confidential communications" within the meaning of Cal. Pen. Code §632(c) in that Plaintiff desired the telephone communications to be confined to the parties thereto.

73.     ***Without advising Plaintiff that the telephonic communication could be recorded,*** Defendant intentionally recorded its telephone conversations with Plaintiff in violation of Cal. Pen. Code §632(a).

74.     Pursuant to Cal. Pen. Code §637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation.

75.     Pursuant to Cal. Pen. Code §637.2(b), Plaintiff also seeks a preliminary and permanent injunction to restrain further violations of §632(a) of California's Invasion of Privacy Act.

**FOURTH CAUSE OF ACTION**
(Violation of the Unlawful, Unfair and Fraudulent Business Acts and Practices Act
California Business and Professions Code §§17200, *et seq.*)

76.     Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

77.     The acts, omissions, misrepresentations, practices and non-disclosures of Defendant as alleged herein constitute unlawful, unfair and fraudulent business acts and practices and untrue and misleading advertising within the meaning of *California Business & Professions Code* §17200, *et seq*.

78.     Defendant has engaged in "unlawful" business acts and practices by the following: violating the federal Fair Debt Collection Practices Act, California's Rosenthal Fair Debt Collection Practices Act, and California's Invasion of Privacy Act in the collection of defaulted student loans.

79.     The misrepresentations and non-disclosures by Defendant of the material facts as detailed above also constitute false or misleading advertising in violation of, *inter alia*, *California Business & Professions Code* §§17500, *et seq*.  Accordingly, Defendant has violated *California Business & Professions Code* §17200's proscription against engaging in an "unlawful" business act or practice.

80.     Defendant has also engaged in a "fraudulent" business act or practice in that the representations and omissions of material fact described above that have a tendency and likelihood to deceive the general public.

81.     Defendant has also engaged in an "unfair" business act or practice in that any justification for attempting to collect defaulted student loans goods based on the false representations and omissions of material fact described above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers.

82.     Defendant needs only to have violated one of the provisions set forth in this cause of action to be strictly liable under this cause of action.

83.     The above-described unlawful, fraudulent or unfair business acts and practices conducted by Defendant continue to this day and present a threat to plaintiff and the general public

-15-

1    in that defendants has failed to publicly acknowledge the wrongfulness of its actions and provide full

2    equitable injunctive and monetary relief as required by the statute.

3          84.    Pursuant to *California Business & Professions Code* section 17203, Plaintiff seeks an

4    order of this court requiring Defendant to immediately cease such acts of unfair competition and

5    enjoining Defendant from continuing to falsely advertise or conduct business via the unlawful,

6    fraudulent or unfair business acts and practices set forth in this First Amended Complaint and from

7    failing to fully disclose the true nature of its misrepresentations, and ordering Defendant to engage in

8    a corrective advertising campaign.  Plaintiff additionally requests an order from the court requiring

9    that Defendant provides complete equitable monetary relief so as to prevent Defendant from

10   benefitting from the practice that constitutes unfair competition or the use or employment of any

11   monies resulting from the sale of such misrepresented goods and requiring the payment of restitution

12   of any monies as may be necessary to restore to any person any money or property which may have

13   been acquired by means of such acts of unfair competition.  Plaintiff requests that the court impose

14   an asset freeze or constructive trust over such monies, and an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

16       WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and

17   against Defendant for:

**First Cause of Action Federal Fair Debt Collection Practices Act**

19        A.  An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

20        B.  The maximum amount of statutory damages provided under 15 U.S.C.

21            §1692k(a)(2)(A);

22        C.  An award of costs of litigation and reasonable attorneys' fees pursuant to 15

23            U.S.C. §1692k(a)(3) against Defendant; and

24        D.  Such other or further relief as the Court deems just and proper.

**Second Cause of Action: California Fair Debt Collection Practices Act**

26        E.  An award of actual damages pursuant to Cal. Civil Code §1788.30(a);

27        F.  The maximum amount of statutory damages provided under Cal. Civil Code

28            §1788.30(b);

G.  For an award of costs of litigation and reasonable attorneys' fees pursuant to Cal. Civil Code §1788.30(c); and

H.  Such other or further relief as the Court deems just and proper.

**Third Cause of Action: California's Invasion of Privacy Act**

I.  For statutory damages in the amount of $5,000 per violation to the Plaintiff, pursuant to Cal. Pen. Code §637.2(a)(1); and

J.  For a preliminary and permanent injunction to restrain further violations of §631 of California's Invasion of Privacy Act, pursuant to Cal. Pen. Code §637.2(b);

K.  For the payment of reasonable attorney fees and costs of suit incurred herein under, inter alia, §1021.5 of California's Code of Civil Procedure and/or under the substantial benefit and common fund doctrines;

L.  For such other and further relief as this Court may deem just and proper.

**Fourth Cause of Action: Business and Professions Code §§17200, *et seq*.**

M.  For such other and further relief as this Court may deem just;

N.  For general, special and actual damages according to proof at trial;

O.  For the equitable, injunctive and monetary relief;

P.  For a preliminary and permanent injunction and declaratory relief as set forth in this First Amended Complaint;

Q.  For reasonable attorneys' fees and costs of suit as specified under *California Code of Civil Procedure* section 1021.5; and

R.  For punitive and statutory damages;

S.  For pre-judgment interest at the legal rate;

T.  For any other relief that the court deems just and proper.

1

2                                    **TRIAL BY JURY**

3   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is

4   entitled to and demands, a trial by jury.

5   DATED:  November 15, 2009                    Respectfully submitted,

6                                                ARLEO LAW FIRM, PLC
                                                 ELIZABETH J. ARLEO
7

8                                                _____s/Elizabeth J. Arleo_____
9                                                   ELIZABETH J. ARLEO

10                                               1672 Main Street, Suite E, PMB 133
                                                 Ramona, CA 92065
11                                               Telephone: 760/789-8000
                                                 760/789-8081 (fax)
12
                                                 Attorney for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

P.O. BOX 129
THOROFARE, NJ 08086-0129

11 11 00003351 639317



ARM ACCOUNTS RECEIVABLE MANAGEMENT, INC

P.O. BOX 129
THOROFARE, NJ 08086-0129

September 2, 2009



16598330-BLU
CHARLES CADDELL

SAN DIEGO, CA

| | |
|---|---|
| **ARM Account #:** | |
| **Creditor:** | CHASE STUDENT LOANS |
| **Creditor Account #:** | |
| **Total Due:** | $18,740.35 |

Dear CHARLES CADDELL:

Please be advised that your account is delinquent and has been assigned to our office for prompt attention. Please send your payment today in the amount of $274.08 to the address listed below.

If payment will not be sent or if you need to speak with a loan specialist, please contact us at the below listed number.

 TOLL FREE 866-932-6770

We understand your time is valuable and offer additional payment options for your convenience. You may now also pay online at www.arm1payments.com or call 1-866-932-6758 to pay by phone using our automated phone system.

We accept payment by Credit Card (Visa, MasterCard, American Express and Discover) or by a direct debit from your bank via an ACH transaction from your checking or savings account.

Once you have contacted us and have brought your account current, if you would like to establish a payment plan for future payments you may do so by using the following secure website.

http://www.aessuccess.org/manage/payments/index.shtml

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**This communication is from a debt collector.**
This is an attempt to collect a debt and any information obtained will be used for that purpose.

ARLES CADDELL

██████████████

ᴀN DIEGO, CA ████████

( Pay Online at www.arm1payments.com ) 

| | |
|---|---|
| **ARM Account #:** | ████ |
| **Creditor:** | CHASE STUDENT LOANS |
| **Creditor Account #:** | ██████████████ |
| **Total Due:** | $18,740.35 |
| **Enclosed Amount:** | |

**IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW**

| | |
|---|---|
| **VISA** ☐ | CARD HOLDER NAME |
| **MasterCard** ☐ | CARD NUMBER / EXP DATE |
| ☐ | SIGNATURE |
| **DISCOVER** ☐ | AMOUNT / CVV/CID (3-Digit Verification Code on Back of Card) |

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
P.O. BOX 129
THOROFARE, NJ 08086-0129

ARMCEO1
ARM WFD
039317

EXHIBIT 2

P.O. BOX 129
THOROFARE, NJ 08086-0129

7 7 00001794 648914



ARM  ACCOUNTS
RECEIVABLE
MANAGEMENT, INC.

P.O. BOX 129
THOROFARE, NJ 08086-0129

October 5, 2009

||||||||||||||||||||||||||||||||||||||||||||||||||||||||||
16598330-BLU
CHARLES CADDELL
▬▬▬▬▬▬▬▬▬
SAN DIEGO, CA ▬▬▬▬▬

| | |
|---|---|
| **ARM Account #:** | ▬▬▬▬▬ |
| **Creditor:** | CHASE STUDENT LOANS |
| **Creditor Account #:** | ▬▬▬▬▬ |
| **Total Due:** | $18,840.91 |

Dear CHARLES CADDELL:

Please note that we have not received a payment for your account. A payment in the amount of $411.12 is required to bring this account up to date. To prevent continual collections activity, please be sure to send your payment to the address listed below today or contact our office directly to speak with a loan specialist.



TOLL FREE 866-932-6770

> We understand your time is valuable and offer additional payment options for your convenience. You may now also pay online at www.arm1payments.com or call 1-866-932-6758 to pay by phone using our automated phone system.

We accept payment by Credit Card (Visa, MasterCard, American Express and Discover) or by a direct debit from your bank via an ACH transaction from your checking or savings account.

Once you have contacted us and have brought your account current, if you would like to establish a payment plan for future payments you may do so by using the following secure website.

http://www.aessuccess.org/manage/payments/index.shtml

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**This communication is from a debt collector.**
This is an attempt to collect a debt and any information obtained will be used for that purpose.

CHARLES CADDELL

SAN DIEGO, CA

( Pay Online at www.arm1payments.com )

| ARM Account #: | |
|---|---|
| Creditor: | CHASE STUDENT LOANS |
| Creditor Account #: | |
| Total Due: | $18,840.91 |
| Enclosed Amount: | |

## IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW

| | |
|---|---|
| **VISA** | CARD HOLDER NAME |
| **MasterCard** | CARD NUMBER / EXP. DATE |
| | SIGNATURE |
| **DISCOVER** | AMOUNT / CVV/CID (3 Digit Verification Code on Back of Card) |

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
P.O. BOX 129
THOROFARE, NJ 08086-0129

ARMCEO2
ARM WFD
648914

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2009, I electronically filed the foregoing pleading and that a copy of the foregoing document has been served this day upon:

**1.    Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Elizabeth J Arleo**
  elizabeth@arleolaw.com

**2.    Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

Thomas S. Novak, III
ACCOUNTS RECEIVABLE MANAGEMENT, INC.
155 Mid Atlantic Parkway
Thorofare, New Jersey 08086

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 15, 2009.


s/ Elizabeth J. Arleo

ELIZABETH J. ARLEO